## LOMBARD et al. v. COE, Com'r of Patents. Civ. No. 51.

District Court of the United States for the District of Columbia.

June 11, 1940.

J. Harold Kilcoyne and Paul A. Blair, both of Washington, D. C. (George Crompton, Jr., of Worcester, Mass., of counsel), for plaintiffs.

W. W. Cochran and E. L. Reynolds, both of Washington, D. C., for defendant.

LUHRING, Justice.

The plaintiffs seek the issuance of a patent pursuant to the provisions of 35 U.S.C. § 63, 35 U.S.C.A. § 63, for an "abrasive article and method of making the same."

The claims in issue are numbered respectively 3, 5, 11, 12, 13, 14, 15 and 16. They were denied by the Patent Office tribunals on the ground that they were un-

patentable in view of the prior art as exemplified in the following patents:

| | | | |
|---|---|---|---|
| Van Derburgh, Reissue, | 2,501, | March | 5, 1867 |
| Welch, | 1,833,099, | Nov. | 24, 1931 |
| Krusell, | 1,939,991, | Dec. | 19, 1933 |
| Benner et al., | 1,918,242, | July | 18, 1933 |
| Poulain, British, | 368,322, | Nov. | 27, 1930 |
| Goldstein, French, | 547,303, | Sept. | 16, 1922 |

The alleged invention relates to an abrasive article and a method of making it. The article consists of diamond particles united by a ceramic bond containing a considerable amount of $B_2O_3$. The ingredients of this bond are so selected that it will melt at about 1000° C. to a sufficient extent to form a proper bond with the diamond particles. The bonding takes place in a neutral or reducing atmosphere.

The defendant, Commissioner of Patents, takes the position that the idea of forming an abrasive article of diamond particles united by a ceramic bond is old, as shown by the British patent to Poulain and that the plaintiffs have merely employed, in Poulain's process, a bond of a particular composition, this bond being old as shown in the Benner et al patent. It is urged that the use of Benner's bond in the Poulain process would satisfy all the claims in suit, if a neutral or reducing atmosphere were used, and that such atmospheres are conventionally employed in industrial processes and are old in the abrasive art as shown by Van Derburgh, Welch, Krusell and Goldstein.

It is to be noted that no one reference embodies or anticipates the plaintiffs' invention. The Examiner, for example, rejected claim 5 "as presenting nothing patentable over patent to Poulain in view of patent to Benner et al. and either of patents to Welch or Krusell." To justify the rejection of the claims it was necessary for the Examiner to combine a number of prior art patents. He points out that a part of the invention is found in one patent, and another part in another, and still another part in a third or fourth one, and then draws the conclusion that the applicant is not the original or first inventor. This is not proper. Bates v. Coe, 98 U.S. 31, 25 L.Ed. 68.

The primary reference is Poulain, but that patent is inoperative as the evidence clearly shows. In that process a temperature of about 1250° C. is necessary and such heat is destructive of the diamond particles. This is also true of the Benner bonding material. It will not soften sufficiently to unite the diamond particles until a temperature has been reached which will destroy them.

The plaintiffs have succeeded in successfully bonding diamonds with a ceramic bond while maintaining the diamond granules unburned or unoxidized to any detrimental extent. The ceramic bond cooperates with the diamonds to form a grinding wheel and the result is a useful article. The use of a non-oxidizing or reducing atmosphere or an inert gas definitely cooperates with the temperature employed to prevent burning of the diamonds. The specific temperature limitation likewise cooperates with the diamonds to prevent destruction thereof by graphitization. And also the use of a substantial amount of boric oxide $B_2O_3$ cooperates to lower the fusing point of the ceramic sufficiently to permit bonding at the low temperature employed.

The defendant quotes from page 5, lines 12 to 16, of the application, as follows:

"* * * the softening temperatures are generally of the order of 1000° C. and below.

"It must be understood, however, that ceramics which soften or fuse at much higher temperatures may be used to carry out the invention."

The evidence discloses that a *much higher* temperature than 1000° C. can not be employed without graphitization. This statement in the application may be treated as surplusage, since the applicant's preferred embodiment gives a good result.

It is not deemed necessary to discuss the references in detail. The prior art patents have been carefully explained and digested by the expert witnesses of the plaintiffs. Suffice to say that the court has come to the conclusion that the plaintiffs are entitled to an allowance of the claims in issue.

It is so ordered and counsel for plaintiffs will prepare and submit appropriate findings of fact and conclusions of law, together with judgment authorizing and directing the defendant to issue patent.